KIM I. TROTTA ET AL. *v.* TOWN OF BRANFORD
(9998)

O'CONNELL, NORCOTT and LAVERY, Js.

Argued November 5, 1991--decision released January 21, 1992

*Karen E. Souza,* for the appellant (named plaintiff).
*Patricia Cofrancesco,* for the appellee (defendant).

NORCOTT, J. The named plaintiff, Kim I. Trotta (plaintiff), appeals following the granting of the defendant's motion for summary judgment. She claims that the court improperly granted the motion because it failed to find that a claimed design defect in a town road was within the ambit of General Statutes § 13a-149,[1] one of this jurisdiction's highway defect statutes. We affirm the trial court's judgment.

The following undisputed facts are relevant to the disposition of this appeal. The plaintiff served notice on the defendant and brought this action, pursuant to General Statutes § 13a-149, alleging that she was involved in an automobile accident on November 27, 1988, at Park Place and Main Street in Branford. By way of an amended complaint in two counts, she alleged that she had stopped her vehicle at a stop sign at the intersection, but that the presence of a neck-out—a rounded sidewalk extension—forced her to pull into the intersection farther than she would have if the neck-out had not been present, thereby resulting in a collision with another vehicle.

The plaintiff alleged, and the defendant admitted, that the neck-out was within the town's territorial

---

[1] General Statutes § 13a-149 provides: "DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

boundaries. The plaintiff further alleged that the defendant breached its statutory duties to her by building and maintaining the neck-out, and by thereafter failing to take steps to prevent the collision. The defendant denied these allegations.

On October 4, 1990, the defendant moved for summary judgment, claiming that no genuine issue of material fact existed because, as a matter of law, a town cannot be held liable for design defects as alleged in the plaintiff's complaint. On November 8, 1990, the court granted the motion for summary judgment, finding that the plaintiff had failed to set forth a cause of action based on a design defect under General Statutes § 13a-149.

The plaintiff claims that the court improperly granted the motion for summary judgment because a genuine issue of material fact exists as to whether the claimed design defect is within the purview of General Statutes § 13a-149.

The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991). " ' "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the

evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; *Burns* v. *Hartford Hospital,* [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 309, 407 A.2d 971 (1978)." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982).' " *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* supra, 781, citing *Connell* v. *Colwell,* 214 Conn. 242, 246–47, 571 A.2d 116 (1990). The dispositive issue here is whether the court properly determined that judgment for the defendant was required as a matter of law because the plaintiff failed to state a cause of action based on a design defect.

A defect in a highway has been described as " 'any object or condition in, upon, or near the traveled path which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result.' " *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970); *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 202, 592 A.2d 912 (1991). General Statutes § 13a-149 governs actions against municipalities while § 13a-144 governs similar actions against the state. *Baker* v. *Ives,* 162 Conn. 295, 298–99, 294 A.2d 290 (1972). When claims are adjudicated under either of these statutes, we apply the same rationale because no material difference exists in the obligations they impose on the state and its municipalities. *Hall* v. *Burns,* 213 Conn. 446, 477, 569 A.2d 10 (1990); *Baker* v. *Ives,* supra, 299.

Although our Supreme Court has said defects in a plan of construction are not within the ambit of Gen-

eral Statutes § 13a-144, it has carved out an exception to this rule when it can be shown that the plan adopted " 'was totally [unacceptable in that] the highway would have been in such a defective condition as to have been out of repair from the beginning.' " *Donnelly* v. *Ives,* supra, quoting *Hoyt* v. *Danbury,* 69 Conn. 341, 352, 37 A. 1051 (1897); see also *Perrotti* v. *Bennett,* 94 Conn. 533, 541, 109 A. 890 (1920); *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 15, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985). Because this rationale applies to claims brought under § 13a-144, it applies as well to claims brought under § 13a-149. *Hall* v. *Burns,* supra; *Baker* v. *Ives,* supra. Therefore, to bring her claim within the design defect exception, the plaintiff must present evidence sufficient to show that the plan for the neck-out was so defective as to have been faulty from the start.

To determine if the plaintiff presented such evidence, we look to the documentary proof submitted to the court in support of and in opposition to the defendant's motion for summary judgment. The plaintiff's complaint alleged that the neck-out "exists at the intersection," and that the defendant "erected" it, "kept and maintained" it, "permitted [it] to remain," and failed to warn drivers it obscured their view at the intersection. The complaint also alleges that the defendant failed to install a traffic light at the intersection and to remove the neck-out so as to prevent the plaintiff's collision. Nowhere does the complaint allege that the neck-out was " 'in such a defective condition as to have been out of repair from the beginning.' " *Donnelly* v. *Ives,* supra, quoting *Hoyt* v. *Danbury,* supra; see also *Perrotti* v. *Bennett,* supra; *D'Arcy* v. *Shugrue,* supra. At oral argument, the plaintiff's counsel conceded that the complaint did not allege a design defect and that it was inartfully drafted. Counsel contended, however,

that it was implicit throughout the proceedings before the court that a design defect was at issue.

The purpose of a complaint is to limit the issues at trial, and it is calculated to prevent surprise. *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557, 525 A.2d 954 (1987). It must provide adequate notice of the facts claimed and the issues to be tried. *Tedesco* v. *Stamford,* 215 Conn. 450, 459, 576 A.2d 1273 (1990). In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* supra, citing *Connell* v. *Colwell,* supra. Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378–79, 260 A.2d 596 (1969). A material fact is one that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.,* 214 Conn. 573, 578, 573 A.2d 699 (1990). To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 569, 512 A.2d 893 (1986); *Lopez* v. *United Nurseries, Inc.,* 3 Conn. App. 602, 606, 490 A.2d 1027 (1985). Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. *Kakadelis* v. *DeFabritis,* 191 Conn. 276, 281, 464 A.2d 57 (1983). Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. *Paine Webber Jackson & Curtis* v. *Winters,* 13 Conn. App. 712, 721, 539 A.2d 595, cert. denied, 200 Conn. 803, 545 A.2d 1100 (1988). "The issue must be one which the party opposing the motion is entitled to litigate under [her] pleadings and the mere

existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." *Shuster* v. *Buckley,* 5 Conn. App. 473, 477, 500 A.2d 240 (1985).

Viewing the documentary proof before the court in a light most favorable to the plaintiff, we conclude that there was no genuine issue of material fact that should have been resolved at trial. The facts alleged in the complaint, together with inferences that reasonably and logically could be drawn therefrom, fail to bring the plaintiff's cause of action within the design defect exception under General Statutes § 13a-149. There is a distinct difference between something that exists and something in its design stage, which does not yet exist. The assertions that the neck-out "exists," and that the defendant "erected," "kept and maintained" it and "permitted [it] to remain," do not reasonably and logically permit the inference that it was defectively designed, no matter how favorably we view the complaint. Nor does the alleged failure to install a traffic light, remove the neck-out or warn drivers that their view would be obscured give rise to any claim of defective design. In short, the plaintiff presented no evidentiary facts outside the pleadings from which the claimed allegation in the pleadings of a design defect could be warrantably inferred. *United Oil Co.* v. *Urban Redevelopment Commission,* supra. The plaintiff's mere reliance on assertions of fact, which were not admitted by the defendant, was thus insufficient to establish the existence of a genuine issue of material fact. *Paine Webber Jackson & Curtis* v. *Winters,* supra.

The court therefore properly found that the plaintiff failed to sustain her burden of showing the existence of a genuine issue of material fact so as to preclude the granting of summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.