[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUMMARY JUDGMENT
The issue is whether the defendant, City of Milford's motion for summary judgment should be granted.
It is found that the defendant, City of Milford's motion for summary judgment should be denied on the ground that the defendant failed to meet its burden of proof and that there are no genuine issues of material fact.
The plaintiff, Viola Cervero, brought this action in two counts for injuries sustained when she fell on a sidewalk curbing near the corner of Cherry and Prospect Streets in Milford, Connecticut. The first count of the revised complaint, sounding in negligence, is directed to Roland Zwiebel, Anthony Russo and Richard Andria, property owners to the abutting sidewalk. The second count is against the City of Milford and alleges a breach of statutory duty to use reasonable care to keep its highways, streets and sidewalks reasonably safe for public use and travel. Although CT Page 9039 the plaintiff does not cite the defective highway statute per se, she does allege that she gave the city timely notice of her injury, as required by the statute.
The City of Milford ("defendant") has moved for summary judgment on the second count of plaintiff's complaint as to the issue of the City's liability. The City of Milford answered the complaint but did not assert any special defenses. In support of its motion, the City has filed a memorandum of law and several exhibits. The motion is unopposed by the plaintiff.
"Summary judgment is a method of resolving litigation went he pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989) citing Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17, 477 A.2d 1005 (1984); Practice Book 380.
 In seeking summary judgment, it is the movant who has the burden of showing the' non-existence of any issue of fact . . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact.
D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980).
Consequently, because the burden of proof lies with the movant, "the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242,247, 571 A.2d 116 (1990).
Where the adverse party does not respond to the motion for summary judgment, as in the present case, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking, 190 Conn. 8, 11-12, 459 A.2d 115
(1983).
The defendant argues that no genuine issue of material fact exists as to the City's liability because the plaintiff's complaint fails to allege a cause of action under General Statutes 13a-149, CT Page 9040 the defective highway statute. Citing Trotta v. Town of Branford,26 Conn. App. 407, 601 A.2d 1036 (1992), the defendant further argues that plaintiff's pleading is inadequate as a matter of law because it does not allege that the defect in design and construction was totally unacceptable from its inception.
General Statutes 13a-149 states in relevant part: "[A]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
 Although our Supreme Court has said defects in a plan of construction are not within the ambit of General Statutes 13a-144 (and, likewise 13a-149), it has carved out an exception to this rule and it can be shown that the plan adopted was totally [unacceptable in that] the highway would have been in such a defective condition as to have been out of repair from the beginning. (Citations omitted).
Trotta, supra, 410-11.
In the present case, the plaintiff in count two of her revised complaint has plead, inter alia, that the City "caused or allowed and permitted, the curbing of said sidewalk to be installed, constructed and erected in such a manner as to be of a dangerous and defective height considering the use and purpose for which it was intended." Accordingly, the language used in plaintiff's complaint alleging defective "installation", "construction" and "erection" of the curbing is enough to state a claim under the defective highway statute pursuant to the exception for design defects out of repair from the beginning. Furthermore, the City has not submitted any evidence as to the standard for design and construction of a sidewalk curbing. Moreover, the defendant lets stand, without challenge, the assertion by the plaintiff that the curbing, 7 inches high, was dangerous and defective. Consequently, a genuine issue of material fact exists as to the reasonableness of the curb height. The defendant has not met its burden of proof that it is not liable. Therefore, the defendant's motion for summary judgment is denied.
WILLIAM J. McGRATH, J. CT Page 9041