[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action is brought in two counts. The first count is against individual employees of the City of Bristol claiming carelessness and negligence in examining, approving, supervising and/or redesigning the widening and reconstruction of __________ Street at its intersection with Cawley Street in Bristol, Connecticut. The claim is made that the sight line distance from Cawley Street looking westerly into South Street is designed for the legally posted speed limit failed to meet minimum sight line distance standards. The claim is that the individual defendants did not correct the inadequate site line distance and that this design defect was incorporated into the widening and reconstruction of South Street at its intersection with Cawley Street.
The second count of the complaint, incorporating the first count sets forth a cause of action against the City of Bristol under Connecticut General Statutes 7-465, the municipal employee indemnity statute.
The action seeks damages for personal injuries sustained by the plaintiff by virtue of a collision at this intersection allegedly caused by the claimed inadequate site line distance.
The defendant the City of Bristol moved to strike claims that the plaintiff's exclusive remedy against the Town of Bristol is under the provisions of Conn. Gen. Stat. 13a-149. The plaintiff did not bring an action under the provisions of that statute.
As concerns highway defects the case of Sanzone v. Board of Police Commissioners, 219 Conn. 179 (1991) determined that CGS 13a-149 is the sole and exclusive remedy against a municipality for damages resulting from a defective road.
"In short, we construe 52-557n to provide that an action under the highway defect statute, 13a-149, is the plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or CT Page 10534 property by means of a defective road or bridge." Sanzone v. Board of Police Commissioners, supra, p. 192. The court further determined that "It also, therefore, precludes a joint action seeking damages against a municipality and its officer pursuant to CGS 7-465(a);" Sanzone v. Board of Police Commissioners, supra p. 192.
A defect in a highway is described as "any object or condition in, upon, or near the traveled path which would necessarily obstruct or hinder one in the use of the road for its purpose of traveling therein, or which, from its nature would be likely to produce that result". Donnelly v. Ives,159 Conn. 153, 167.
The plaintiff claims, however that the condition was caused by a design defect and that design defects with few exceptions, are not considered to be defects within the purview of Conn. Gen. Stats. 13a-149. The defendant contends that such design defects are within CGS 13a-149.
The appropriate rule is set forth as follows: "Although this court has stated that a defect in the plan upon which the highway was constructed was not within the statute, never the less, we have gone on to declare that `were the plan of construction adopted on which was totally inadmissible . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." Donnelly v. Ives, 159 Conn. 163, 167.
The court looks to the pleadings to determine whether the plaintiff has alleged facts such as to bring the limited design defect within the exception set forth in Donnelley v. Ives, supra, so as to cause the claimed design plan to be a highway defect and hence subject to the exclusive remedy application of CG 13a-149, as articulated by Sanzone v. Board of Police Commissioners, supra.
"Nowhere does the complaint allege that the neck out was `in such a defective condition as to have been out of repair from the beginning'". Trotta v. Branford, 26 Conn. App. 407,411. . . . to bring her claim within the design defect exception, the plaintiff must present evidence sufficient to show that the plan for the neck out was so defective as to have been faulty from the start" Trotta v. Branford, supra p 411. CT Page 10535
In the instant case the plaintiff does not allege that the design defect caused the highway to be defective from the start. Quite to the contrary he argues in the brief that it was not faulty from the start but rather only in connection with the vagaries of the posted speed limit signs.
On the face of the pleading the claim of defective design does not bring the claim within the defective highway statute CG 13a-149 nor does the complaint allege a design defect of the nature which would bring the design within the "defective from the start" exception so as to bring the claim within the applicability of CG 13a-149.
As the Supreme Court points out, in the decision Sanzone v. Board of Police Commissioners, supra, P. 192, "Not all injury-producing features of roads fall within the statutory definition `defective road or bridge'". See Footnote 11, p. 192. The holding in Sanzone v. Board of Police Commissioners, supra, P. 192 applies to claims arising out of "a defective road or bridge", this is consistent with the elementary principle that statutes which are in derogation of common law, here C.G.S. 52-557n, must be strictly construed so as to guard against the extinguishing of common law rights by implication.
For the reasons set forth herein the Motion to Strike is denied.
L. Paul Sullivan, J.