FLEET BANK, N.A. *v.* GIANFRANCO GALLUZZO ET AL.
(11895)

FOTI, LAVERY and LANDAU, Js.

Argued November 5, 1993—decision released March 1, 1994

*Richard P. Weinstein,* for the appellant (defendant Richard S. Whitehouse).

*David C. Bloomberg,* with whom, on the brief, was *Kirk D. Tavtigian, Jr.,* for the appellee (plaintiff).

LANDAU, J. In this action in contract, the defendant Richard S. Whitehouse,[1] appeals from the judgment of the trial court (1) granting the plaintiff's motion for summary judgment, and (2) awarding interest pursuant to General Statutes § 52-192a,[2] the offer of judgment statute. The principal issue on appeal is whether Whitehouse produced sufficient evidence as to the existence of an agreement and such partial performance so as to survive the plaintiff's motion for summary judgment under General Statutes § 52-550.[3]

---

[1] The named defendant, Gianfranco Galluzzo, was defaulted for failure to appear in this action, and judgment by default was rendered against him on October 8, 1992.

[2] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[3] General Statutes § 52-550 (a) provides: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: (1) Upon any agreement to charge any executor or administrator, upon a special promise to answer damages out of his own property; (2) against any person upon any special promise to answer for the debt, default or miscarriage of another; (3) upon any agreement made upon consideration of marriage; (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars."

The following facts are relevant to this appeal. On May 22, 1989, 44-52 Cedar Street Associates, a general partnership, executed a promissory note in favor of United Bank and Trust Company, the predecessor of the plaintiff, Fleet Bank, N.A., in the amount of $350,000. The note was secured by real property located in Hartford. The general partners, the named defendant, Gianfranco Galluzzo, and the defendant Richard Whitehouse signed guarantee agreements. Following the defendants' default, under the terms of the note, the plaintiff initiated this action to recover on the defendants' guarantees.

On October 17, 1991, the plaintiff filed an offer for judgment, pursuant to General Statutes § 52-192a, in the amount of $325,000 against Whitehouse. Whitehouse did not accept the offer of judgment.

On December 12, 1991, Whitehouse filed an answer, special defenses and a three count counterclaim. In his special defense, Whitehouse contended, inter alia, that the plaintiff breached an alleged agreement to accept the deed to property securing the note in full satisfaction of the debt.[4] On March 11, 1992, the plaintiff filed a motion for summary judgment claiming that the defendant, as a guarantor, was liable on a certain note and was in breach of his agreement of guaranty.

Addressing the significance of the parties' telephone conversations, the trial court found: "This language [of the parties] is merely an expression of preliminary acts on which to predicate a future contract. It does not allege present agreement or even present agreement to contract. . . . Without an agreement there is no basis for finding that the party seeking enforcement,

---

[4] The plaintiff filed a reply to Whitehouse's special defense and counterclaim denying all allegations, but admitting that it was in the possession of an appraisal indicating that the value of the mortgage property exceeded the debt.

in reasonable reliance on the contract, has so changed his position that injustice can be avoided. . . . Even if an agreement could be found, the acts of the part performance must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute." (Citations omitted.)

"The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford,* 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford,* 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Trotta* v. *Branford,* supra, 410." (Internal quotation marks omitted.) *Cortes* v. *Cotton,* 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993).

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. *Lomangino* v. *LaChance Farms, Inc.,* 17 Conn. App. 436, 438, 553 A.2d 197 (1989) (in granting summary judgment, court's function is not to decide issues of material fact)." *Sharp* v. *Wyatt, Inc.,* 31 Conn. App. 824, 844, 627 A.2d 1347 (1993). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982)." *Cortes* v. *Cotton,* supra, 575.

"[A]cts of part performance . . . must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties. *Andrew* v. *Babcock,* 63 Conn. 109, 120, 26 A. 715 [1893]. The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute . . . ." (Internal quotation marks omitted.) *Ubysz* v. *DiPietro,* 185 Conn. 47, 54, 440 A.2d 830 (1981). The determination of whether any acts by Whitehouse occurred that amounted to part performance requires a factual finding properly submitted to the jury. Id., 55.[5] Therefore, the trial court improperly granted the motion for summary judgment.[6]

---

[5] Much of our case law relating to the doctrine of part performance includes either cases tried to the trial court, in which the court may properly make findings of fact, or cases sustaining a party's demurrer or motion to strike, a circumstance in which the trial court is required to decide whether the party's actions constitute part performance as a matter of law. Confronted with a motion for summary judgment, a trial court may not conclude the nature of a party's conduct in the area of contract law.

[6] Because our resolution of the defendant's first claim is dispositive of this appeal, we need not address the defendant's second claim.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.