MAUREEN QUINN *v.* ALLSTATE INSURANCE COMPANY
(13062)

DUPONT, C. J., and LANDAU and HENNESSY, Js.

Argued December 6, 1994—decision released March 14, 1995

*Joseph F. Trotta,* with whom, on the brief, were *Eileen M. Condon* and *Frederick J. Trotta,* for the appellant (plaintiff).

*Stephen E. Goldman,* with whom, on the brief, was *Raymond T. DeMeo,* for the appellee (defendant).

LANDAU, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. She claims that summary judgment was precluded by an existing genuine issue of material fact, namely, whether she was a resident of Donald Smith's household entitled to underinsured motorist coverage under his insurance policy.

The facts of this case are not in dispute. On September 16, 1989, the plaintiff was a passenger in a vehicle owned and being operated by Smith. An accident occurred, in which the plaintiff was injured. At the time of the accident, Smith was insured under a policy issued to him by the defendant, Allstate Insurance Company (Allstate).

Asserting that Smith's negligence had caused her injuries, the plaintiff made a claim under his policy and was paid the full bodily injury coverage limit of $25,000 by Allstate. In addition, the plaintiff contended that she was entitled to underinsured motorist coverage benefits under the same policy because the bodily injury coverage was insufficient to compensate her for her injuries. Allstate denied the plaintiff's demand, claiming that the policy expressly precludes recovery of both liability and underinsured motorist coverage benefits.

The plaintiff subsequently brought an action against Allstate, seeking a declaration that the underinsured motorist coverage benefits were due to her under the policy. Allstate filed a motion for summary judgment, which the trial court granted after a hearing. The court determined that Allstate was entitled to summary judgment as a matter of law in light of *Lowery* v. *Valley Forge Ins. Co.*, 224 Conn. 152, 617 A.2d 454 (1992), and that no genuine issue of material fact existed. This appeal followed.

"The standards governing our review of a trial court's decision on a motion for summary judgment are

clear. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford*, 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford*, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Trotta* v. *Branford*, supra, 410. . . . *Cortes* v. *Cotton*, 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993).

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. *Lomangino* v. *LaChance Farms, Inc.*, 17 Conn. App. 436, 438, 553 A.2d 197 (1989) (in granting summary judgment, court's function is not to decide issues of material fact). *Sharp* v. *Wyatt, Inc.*, 31 Conn. App. 824, 844, 627 A.2d 1347 (1993). [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. *Telesco* v. *Telesco*, 187 Conn. 715, 718, 447 A.2d 752 (1982). *Cortes* v. *Cotton*, supra, [31 Conn. App.] 575."

(Internal quotation marks omitted.) *Fleet Bank, N.A.* v. *Galluzzo*, 33 Conn. App. 662, 665–66, 637 A.2d 803, cert. denied, 229 Conn. 910, 624 A.2d 1206 (1994).

The Allstate policy provides that Allstate "will pay those damages which an insured person[1] is legally entitled to recover from the owner or operator of an uninsured auto[2] because of bodily injury sustained by an insured person." The policy also provides, however, that uninsured motorist coverage is excluded when the claimant sustains bodily injury "while in  . . .  an uninsured motor vehicle which is owned by you [the named insured] or a resident relative." This exclusion is authorized by § 38-175a-6 (c) (2) (A) of the Regulations of Connecticut State Agencies, which was upheld in *Lowery* v. *Valley Forge Ins. Co.*, supra, 224 Conn. 152.

The policy in *Lowery*, as does the policy in this case, contained an exclusion of underinsured motorist coverage for vehicles "owned by or furnished or available for your regular use."[3] In *Lowery*, as here, the plaintiffs were passengers in the insured's vehicle and, when the vehicle was involved in an accident, the insurer paid the plaintiffs the subject policy's full liability limit. When the plaintiffs attempted to recover underinsured motorist benefits from the same policy under which they had already received liability benefits, the insurer denied the claim based on the policy exclusion.

The Supreme Court held that no underinsured motorist coverage could be recovered by the *Lowery* plaintiffs. After ruling that the insurer's exclusionary provision was authorized by § 38-175a-6 (c) (2) (A) of

[1] The plaintiff is an insured person by virtue of the policy provision that defines an insured person as "[a]ny person while in [the named insured's] insured auto with [the named insured's] permission."

[2] The Allstate policy defines an uninsured auto to include an underinsured auto.

[3] "Your" was defined in the policy to include the named insured and any resident relative. *Lowery* v. *Valley Forge Ins. Co.*, supra, 224 Conn. 154–55.

the Regulations of Connecticut State Agencies, the court stated that "[b]oth the policy exclusion and the regulation on which it is based are fully consistent with the underlying rationale of underinsured motorist coverage, and with the difference between that coverage and liability coverage. In this connection, we agree with the reasoning of the Minnesota Supreme Court in two cases in which passengers in one car accidents unsuccessfully sought to recover underinsured motorists benefits from the carrier providing both liability and uninsured motorist coverage for the car involved in the accident.

"Liability insurance is purchased by an owner of a vehicle to protect passengers in that vehicle from the negligent driving of the owner or another driving the vehicle. Underinsured coverage, however, is intended to protect against a different type of risk, the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance; that is, it is intended to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile. *Myers* v. *State Farm Mutual Automobile Ins. Co.*, 336 N.W.2d 288, 291 (Minn. 1983). An insured wishing to provide greater protection from his own negligence for himself and his passengers should purchase additional liability insurance coverage; allowing underinsured coverage in the instant case would, in essence, be allowing an individual to increase liability coverage by purchasing less expensive underinsured coverage. *Meyer* v. *Illinois Farmers Ins. Group*, 371 N.W.2d 535, 537 (Minn. 1985).

"Underinsured motorist coverage is first-party coverage and, in that sense, the coverage follows the person not the vehicle. Here, however, the [plaintiffs] have already collected under the liability coverage of the insurer of the [named insured's] car. To now collect fur-

ther under the same insurer's underinsured motorist coverage would be to convert the underinsured motorist coverage into third-party insurance, treating it essentially the same as third-party liability coverage. The policy definition defining an 'underinsured motor vehicle' to exclude a vehicle owned by or regularly furnished or available to the named insured properly prevents this conversion of first-party coverage into third-party coverage. *Myers* v. *State Farm Mutual Automobile Ins. Co.*, supra [336 N.W.2d 291]." (Internal quotation marks omitted.) *Lowery* v. *Valley Forge Ins. Co.*, supra, 224 Conn. 157–58.

Here, because the vehicle in which the plaintiff was injured was owned by Smith, the named insured, the policy clearly excludes underinsured motorist coverage. The trial court properly concluded that this exclusion, upheld in *Lowery*, entitled Allstate to summary judgment as a matter of law.

The trial court also properly concluded that no genuine issue of material fact existed that would preclude summary judgment. Despite her argument, whether the plaintiff is a resident of Smith's household is irrelevant to the issue of whether she may recover underinsured motorist benefits under the Allstate policy. As the trial court stated, "the exclusionary language applies by reason of the fact that Donald Smith was the named insured and [the plaintiff's] injuries were sustained in a vehicle owned by him as the named insured, and therefore the plaintiff's status has no bearing on her right to recover."

The judgment is affirmed.

In this opinion the other judges concurred.