[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 108
On February 10, 1995, the plaintiff, Oleg Sokolov, filed an automobile negligence suit against the defendants, Herman Pais and Evan R. Mandel. On May 19, 1995, Mandel filed a motion for summary judgment that is now before the court. In support of the motion, Mandel filed an affidavit that sets forth the following facts.
On January 25, 1993, Mandel was operating his vehicle in a westerly direction on White Street in Danbury. He proceeded to stop behind Sokolov's vehicle at a red light at the intersection of White Street and Federal Road. His foot was on the brake pedal. As he was stopped at the red light, "the vehicle driven by the defendant Herman Pais forcibly impacted with the rear of my vehicle thereby forcing my vehicle forward to impact with the rear of the plaintiff's vehicle, which was also stopped." He further avers that he did nothing wrong and was not negligent. "I was simply stopped at the light when I was rear-ended by Mr. Pais who pushed my car forward."
Sokolov's attorney corresponded with Mandel's attorney, indicating that he would not be filing an objection to the motion for summary judgment, nor did he file an affidavit to controvert Mandel's recitation of the accident.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citations omitted.] The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,
CT Page 7933213 Conn. 277, 279, 567 A.2d 829 (1989).
There is no genuine issue as to any material fact concerning Mandel's negligence. Mandel indicated in his affidavit that he was stopped at a red light and that Pais slammed into the rear of Mandel's car, thereby pushing Mandel's car into Sokolov's and causing Sokolov's injuries.
"In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact." Trotta v. Branford, 26 Conn. App. 407, 412, 601 A.2d 1036
(1992). "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.'" Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." Trotta v. Branford, supra,26 Conn. App. 412.
In the present case, Sokolov has not demonstrated that a material issue of fact exists with respect to Mandel's negligence through the presentation "of evidentiary facts or substantial evidence outside the pleadings." Id. As a result, the court grants Mandel's motion for summary judgment.
Stodolink, J.