[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
American Arbitration Association (hereafter "AAA") instituted this proceeding for unpaid arbitration fees. It was engaged by the parties, Vincent Pellicione and Joseph and Josephine McLinden to arbitrate a dispute concerning a construction project. Pellicione and the McLindens were CT Page 10475 required to pay the fees incurred by the arbitrators. On October 11, 1991, the arbitrators ruled in favor of the McLindens. After the arbitrators rendered their decision, Pellicione filed an application to vacate the arbitration award, which application was denied on March 23, 1992 by the court (West, J.) which subsequently on November 25, 1992 entered judgment in favor of the McLindens and against Pellicione. Thereafter, Pellicione filed an appeal with the Appellate Court which was later withdrawn.
As of the date of the arbitration decision, October 11, 1991, Pellicione allegedly owed AAA $3,759.29 for fees and costs associated with the arbitration. AAA also claims it is due statutory interest from October 11, 1991 to the present. Louis Pawlowicz, director of collections of AAA states in his affidavit that "such account is just, true, and correct, and said balance is now due claimant. That no part thereof has been paid or satisfied and that there are no set offs, defenses or counterclaims thereto, to the knowledge or belief of deponent." On July 11, 1995, AAA filed a motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v.New Haven, 213 Conn. 277, 279. The moving party has the burden of showing the absence of any genuine issues as to all material facts.Fogarty v. Rashaw, 193 Conn. 442, 445. AAA has established that there is no dispute of fact as to the arbitration fees owed to it by Pellicione based on the affidavit of Pawlowicz and the judgment entered by Judge West. As a result, the burden now shifts to Pellicione to establish that an issue of material fact exists.Trotta v. Branford, 26 Conn. App. 407, 412.
"`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents.'" Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 579. "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Emphasis added.) Trotta v. Branford, supra.
The mere presence of an adverse claim will not in itself defeat the motion. Wadia Enterprises, Inc. v. Hirschfeld,
CT Page 10476224 Conn. 240, 247. "A party must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Farrell v. Farrell, 182 Conn. 34,39. If the evidence presented in support of the motion is sufficient, it is not rebutted by the bald statement that an issue of fact does exist. Hammer v. Lumberman's Mutual CasualtyCo., supra, 579. "Such [bald] assertions are insufficient regardless of whether they are contained in a complaint or a brief. Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." (Citations omitted.) Trotta v. Branford, supra.
In the present case, Pellicione has not met his burden of establishing that an issue of material fact exists. His evidentiary proffer consists solely of an affidavit that recites the contents of his answer, special defenses and counterclaim. Reliance on the pleadings is an insufficient evidentiary basis to defeat a motion for summary judgment. Trotta v. Branford, supra.
The motion for summary judgment is, accordingly, granted.
Moraghan, J.