[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#134.25)
1. Facts:
On July 11, 1995, the plaintiff filed a one count complaint grounded in assault and battery. The plaintiff alleges the following facts. On March 2, 1994, the defendant visited the plaintiff at his home in Waterbury, Connecticut. The plaintiff alleges that after making a call to her residence in Bristol, Connecticut, the defendant went into a rage and attacked the plaintiff. As a result of this altercation, the plaintiff alleges that he has suffered multiple minor physical injuries coupled with the severe emotional distress of a paranoiac condition and an obsession in proving his innocence in the matter that has lead to lost wages.
The defendant filed a motion for summary judgment and supporting documents on June 20, 1996. The defendant argues in her motion that the plaintiff has failed to produce evidence of any permanent physical injury or of lost wages, lost income or an impairment of earning capacity. Additionally, the defendant contends that there is no merit to the plaintiff's claim of emotional distress. The plaintiff filed his objection to the defendant's motion on July 8, 1996, and maintains that there is a genuine issue of material fact as to the extent of his injuries that arose from the alleged assault and battery.
2. Discussion:
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the CT Page 5316-CC existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment.]'" (Brackets in original.) Home Ins. Co.,v. Aetna Life Casualty Co., 235 Conn. 185, 202 663 A.2d 1001
(1995), quoting Water Way Properties v. Colt's Mfg. Co.,230 Conn. 660, 664-65, 646 A.2d 143 (1994).
"`"The issue must be one which the party opposing the motion is entitled to litigate under [its] pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment." Shuster v. Buckley, 5 Conn. App. 473,477, 500 A.2d 240 (1985).' Trotta v. Branford, 26 Conn. App. 407,412-13, 601 A.2d 1036 (1992)." New Milford Savings Bankv. Roina, 38 Conn. App. 240, 244-45, cert. denied, 235 Conn. 915, ___ A.2d ___ (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105-06, 639 A.2d 507 (1994). "[A] summary disposition should be rendered in the limited instances where the evidence is such that no room for disbelief could exist in the minds of the jury and in circumstances which would require a directed verdict for the moving party." Yanow v. Teal Industries, Inc., supra,178 Conn. 268-69. "`[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed.' (Emphasis added). United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969)." Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995).
The defendant asserts in her first argument in support of her motion for summary judgment that the plaintiff has failed to produce any evidence of a permanent physical injury. In support of this contention, the defendant emphasizes for the Court the plaintiff's responses to the defendant's interrogatories.
Specifically, in interrogatory number three, the defendant inquires to where and from whom the plaintiff received medical treatment attending to his injuries. When the defendant investigated the plaintiff's response, the plaintiff's response CT Page 5316-DD appeared to be untrue because the hospital the plaintiff listed had no record of attending to the plaintiff.
Furthermore, some of the defendant's other interrogatories have been answered in such a manner as to question the plaintiff's veracity. The plaintiff gives inconsistent answers concerning his physical injuries and discloses no physical disability. The experts that the plaintiff has identified have not in their report mentioned any physical injury or permanent disability.
However, review of the plaintiff's complaint demonstrates that the defendant's evidentiary argument is irrelevant. The plaintiff does not allege permanent disability, but is seeking recovery based on the physical injuries he received as a result of the alleged assault.
Additionally, the defendant states that the plaintiff can offer no objective proof of physical injury as a result of the alleged assault. The plaintiff has submitted photographs picturing what he claims are his lacerations and contusions resulting from the alleged assault. An expert opinion on the pictures has led to an inconclusive result. However, the plaintiff is entitled to prove his case in his own manner and has created an issue of fact concerning these pictures.
The defendant continues in her motion to attack the plaintiff's emotional stress claim, stating that the plaintiff offers no proof of the claim. Doctor reports, submitted by the plaintiff, indicate that the plaintiff exhibits obsessive behaviors, mild depression, anxiety and episodes of mania. Appendix 11. Additionally, the reports state that the plaintiff feels extremely stressed as a result of being involved in a legal conflict. Appendix 22. While the defendant attempts to repudiate the plaintiffs expert reports by citing a medical thesis and arguing that the plaintiff's condition is not a result of physical trauma, such a question of fact and battle of the experts is better left for a trier of fact to decide.
Finally, the defendant argues that the plaintiff offers no proof to substantiate his claim of lost wages and his inability to secure work due to the defendant's alleged assault. The plaintiff in response asserts that such proof is readily available at trial and makes additional factual allegations about how the plaintiff was just about to return to work before the CT Page 5316-EE incident that is at the nexus of this action.
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact exists. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,579, 573 A.2d 699 (1990). "Pleadings per se do not constitute documentary proof under § 380. . . . They merely set forth the cause of action and the issues of fact and law raised in the pleadings." Paine Webber Jackson Curtis Inc. v. Winters,13 Conn. App. 712, 721, 539 A.2d 595, cert. denied, 208 Conn. 803,545 A.2d 1100 (1988).
Therefore, the defendant should be entitled to summary judgment on this issue. "Under 386 of the Practice Book, a court may grant partial summary judgement where part of the claim is admitted or where a defense applies to only part of a claim. Practice Book § 386; Schofield v. Bic Corp., 3 Conn. L. Rptr. 229
(January 31, 1991, Fuller, J.). However, courts have not allowed `summary judgment for a defendant against a plaintiff on some but not all of the allegations of a single count of a complaint.'Id., 230. Summary judgment cannot be granted unless the defendant can show no issue of fact exists as to all the issues in a particular count. Id., citing Telesco v. Telesco, 187 Conn. 715,718-19, 447 A.2d 752 (1982).
Therefore, the defendant cannot prevail over the entire single count complaint because one allegation of the plaintiff's claim contains no genuine issue of material fact.
3. Conclusion
For the reasons herein stated, it is the conclusion of this court that the defendant has failed to prove that no genuine issue of material fact exists as a matter of law. The plaintiff has offered sufficient evidence as to the majority of his claim CT Page 5316-FF to create an issue of fact that should be determined by a trier of fact. Where the plaintiff has failed to offer any evidence and no issue of fact exists is a moot point because summary judgment cannot be granted on only some of the allegations in a single count complaint. Accordingly, the defendant's motion for summary judgment ought to be and is hereby denied.
It is so ordered.
SALVATORE F. ARENA JUDGE, SUPERIOR COURT