[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
This is an action to collect a debt claimed by the plaintiff for the reasonable value of services rendered to the defendant, Christine Turcotte. The complaint is in two counts: count one against the defendant Christine Turcotte for the services rendered; count two is directed to the defendant Ronald Turcotte, her spouse, under the provisions of General Statutes section 46b-37. The defendants issued general denials and also filed a counterclaim in numerous counts each claiming a cause of action that goes to the amount, reasonableness of and nature of the billing by the plaintiff.
The plaintiff has filed a motion for summary judgment as to the liability portion of its claim in regard to both counts. The defendants have filed an objection to the motion. The motion for summary judgment was accompanied by an affidavit of debt from the plaintiffs collection manager and a memorandum of law. The defendant has, in its objection to the motion for summary judgment attached neither a memorandum of law or supporting documentation. However, counsel for defendants appended a copy of a Superior Court case to its objection.
The law governing motions for summary judgment is well settled. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See ConnecticutBank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991); Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 952 (1991); Trotta v. Branford, 26 Conn. App. 407, 409,601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with CT Page 16064 the evidence disclosing the existence of such an issue. . . . Bassin v.Stamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. . . . Trotta v. Branford, supra, 410." (Internal quotation marks omitted.) Cortes v. Cotton, 31 Conn. App. 569, 572-73,626 A.2d 1306 (1993). "Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Citations omitted; internal quotation marks omitted.) Fleet Bank,N.A. v. Galluzzo, 33 Conn. App. 662, 665-66,637 A.2d 803, cert. denied, 229 Conn. 910,642 A.2d 1206 (1994). Field v. Kearns, 43 Conn. App. 265, 269, 682 A.2d 148
(1996).
Discussion
The plaintiff argues that there is no disagreement as to the material facts on this issue of liability on the two counts of the complaint. It points to the defendants' counterclaim which accepts the fact that the plaintiff rendered medical services to the defendant Christine Turcotte. The defendants have not filed an affidavit or any supporting documentation contesting the provision of medical services to Mrs. Turcotte. Nor have the defendants provided anything to refute that Ronald Turcotte is her spouse and liable under General Statutes section 46b-37. The plaintiff is seeking summary judgment as to liability only, not the amount of damages, if any. However, the defendants have made claims themselves in their pleadings that the charges for the services rendered were unreasonable. The defendants' objection to summary judgment is found in its attachment of a Superior Court decision, Yale-New Haven Hospitalv. Saunders, et al, 25 Conn.L.Rptr, 9, 303 (November 1, 1999). That decision however recites the law governing a claim such as the plaintiffs here for the reasonable value of medical services. In that case, as well a motion for summary judgment had preliminarily been before the court and was denied since there was a factual controversy between the parties as to the reasonable value of the services rendered. In the decision referenced by the defendants, the trial court affirmed a fact-finder's finding for the defendant; it noted that the law provides that where the plaintiff is pleading the reasonable value of its services, it is an essential element of its cause of action that the plaintiff prove that value where it has been in good faith denied by the defendant. The same is the situation here. While the defendants' pleadings acknowledge that the plaintiff rendered services, a controversy remains as to their CT Page 16065 reasonable value, an essential element of the plaintiffs claim for liability. Accordingly, the motion for summary judgment is denied.
By the court
 Lynda B. Munro Judge of the Superior Court