[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion for Summary Judgment
The plaintiff has filed an Amended Complaint, dated March 21, 2000 against the defendants, PC Connection, Inc., MacConnection, Inc. and the Airborne Freight Corporation. The Amended Complaint consists of five counts. On or about January 22, 2001, the defendant Airborne filed a motion for summary judgment directed at the First Count, which is the only count directed at Airborne. The First Count of the Amended Complaint sets forth a claim based in negligence against all three defendants, Airborne, PC Connection, Inc. and MacConnection, Inc.
The First Count alleges that the plaintiff ordered a computer and accessory equipment from the defendants PC Connection, Inc. and/or MacConnection, Inc. These defendants contracted with Airborne to deliver the computer equipment to the plaintiff's residence.
Several days following the plaintiff's ordering of the equipment, a delivery man arrived at the defendant's home with the computer equipment. As the delivery man carried the equipment up the stairs in the plaintiff's home, the delivery man dropped the equipment, causing the equipment to fall and strike the plaintiff's right hand. As a result, the plaintiff sustained personal injuries to her hand. The plaintiff claims that her injuries were the result of the delivery man's negligence and that at all times the delivery man was acting as the agent, servant and/or employee of one or more of the defendants, Airborne included. Subsequent investigation reveals that the delivery man was employed by a business known as First Choice. The computer equipment was ordered from the defendant P.C. Connection, Inc., a business that sells computers by CT Page 17114 catalogue. The computer equipment was initially shipped to the plaintiff by Airborne Freight Corporation. However, Airborne Freight engaged another business, First Choice, to complete the delivery of the computer equipment to the plaintiff's residence.
The defendant Airborne in filing its motion for summary judgment contends that there is no evidence that the delivery driver for First Choice, was the agent of the defendant Airborne as Airborne never hired the delivery man. Airborne argues that at most, they engaged the delivery man's employer First Choice.
The plaintiff in opposing the motion for summary judgment states that the defendant's catalogues have consistently represented that their products are "shipped via Airborne." The plaintiff possesses invoices from prior shipments, stating that goods were "shipped via Airborne," and that she continually has relied upon this representation, as Airborne is known to her as a "substantial, experienced and large company" with high quality and standards.
On the date in question when the equipment arrived, the plaintiff assumed the delivery man was from Airborne. The delivery man never identified himself as being from First Choice. Subsequent to her sustaining her alleged injuries, the plaintiff reported her injuries to Airborne's toll free telephone number. A service representative eventually directed her to Airborne's loss control department. According to the plaintiff, she was advised to fax her medical bills to Airborne, who assured her these bills would be paid.
Several months following her injury, the plaintiff learned that the delivery man was claimed not to be an employee of Airborne, but rather, it was claimed that he was an employee of First Choice. First Choice had been contracted by Airborne to deliver some Airborne packages in certain geographic areas. Defendant PC Connection paid Airborne for the subject delivery and Airborne, thereafter paid First Choice for the delivery to the plaintiff. Airborne has since ended its contractual obligation with First Choice.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of CT Page 17115 demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
The dispute between the plaintiff and Airborne is whether the facts and existing legal principles create a genuine issue of material fact about whether Airborne is vicariously liable for the negligence of First Choice, the party Airborne contracted with to deliver the computer equipment to the plaintiff. The plaintiff argues that the relationship between Airborne and the delivery man was that of master and servant, thereby making Airborne vicariously liable for the negligence of its servant. Secondly, the plaintiff argues that the delivery man had apparent authority to act for Airborne, and that the plaintiff reasonably relied upon this apparent authority. Thus, Airborne is estopped from denying that the delivery man acted with such authority. Third, the plaintiff argues that Airborne, a licensed carrier of packages, owed a non-delegable duty of reasonable care to the plaintiff.
If the delivery man is characterized as an independent contractor in his relationship with Airborne, Airborne is not vicariously liable. However, if the delivery man is a servant, the defendant Airborne can be vicariously liable. The determining factor depends upon whether the principal/master possesses the right to control the means and method of work. Panaro v. Electrolux Corporation, 208 Conn. 589, 603 (1988); citingBeaverdale Memorial Park, Inc. v. Dansher, 127 Conn. 175 (1940). The Restatement of Agency, 2d § 220 emphasizes that the determination of whether a relationship is one of "independent contractor" or "servant" is a fact bound determination. Factual issues identified by both the plaintiff and Airborne in their submissions of affidavits and documents suggest that a trier of fact may find that an independent contractor or a master-servant relationship existed. This is a genuine issue of material fact.
The doctrine of apparent authority holds a principal vicariously liable for the negligent conduct of another who reasonably has been held out as being a servant of the principal. This holds true even if the alleged servant is an independent contractor or otherwise is not, in fact, a servant. Edart Truck Rental Corporation v. B. Swirsky Co., CT Page 1711623 Conn. App. 137 (1990). "The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all the surrounding circumstances." Id., 140; Beckenstein v.Potter and Correl, Inc., 191 Conn. 120, 140-141 (1983). "The issue of apparent authority is one of fact. . . . Tomlinson v. Board ofEducation, 226 Conn. 704, 734-737 (1993). As to whether or not the delivery man had apparent authority to act for the defendant Airborne is a genuine issue of material fact.
A principal can be held vicariously liable for the negligent conduct of an independent contractor he has employed. Restatement (Second) Torts, 427, 428 and 429. "One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants." Restatement (Second) Torts, § 429. The court concludes that when the principles enumerated in § 427, 428, and 429 are applied to the present case, genuine issues of material fact do exist. In ruling on a motion for summary judgment, "[t]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Fleet Bank, N.A. v. Galluzzo,33 Conn. App. 662, 666, cert. denied, 229 Conn. 910 (1994).
Accordingly the motion for summary judgment is denied.
The Court,
 By __________________ Arnold, J.