MARILYN CORTES ET AL. *v.* JOHN P. COTTON, JR.
(11618)

FOTI, LAVERY and LANDAU, Js.

Argued March 29—decision released June 8, 1993

*Leonard C. Reizfeld,* for the appellants (plaintiffs).

*Kevin R. Murphy,* with whom, on the brief, was *Dennis M. Laccavole,* for the appellee (defendant).

LANDAU, J. In this action in negligence, the plaintiffs[1] appeal from the judgment of the trial court (1) granting the defendant's motion for summary judgment, and (2) denying the plaintiffs' application for waiver of fees.[2] The principal issue on appeal is whether the plaintiffs produced sufficient evidence of the defendant's absence from the state so as to survive his motion for summary judgment under General Statutes § 52-584.[3]

The following facts are relevant to this appeal. The named plaintiff, Marilyn Cortes, sustained personal injuries on December 5, 1989. At that time she was fourteen years old. She claims that the injuries occurred on property owned by the defendant, John P. Cotton, Jr. In January, 1990, the defendant's property was severely damaged by fire, and the defendant moved to the state of New York. The defendant asserted, in a sworn statement dated January 4, 1992, and attached to the plaintiffs' objection to the motion for summary judgment, that "I believe I continued to live [in Albany, New York] for approximately six (6) months or possibly longer. After that I moved back to my mother's house at . . . New Haven, Conn. and that is where

---

[1] This action was brought on behalf of the named plaintiff by her mother, the plaintiff Evelyn Cortes, who sought also to recover for expenditures made on behalf of her daughter.

[2] Denial of a motion for waiver of fees is not an appealable final judgment. Review of such a denial is properly sought in a motion for review pursuant to Practice Book § 4053. The plaintiff failed to follow that procedural course. Therefore, we will not review this claim.

[3] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

I still at present make my legal residence." On February 14, 1990, ownership of the defendant's property vested in another pursuant to a judgment of foreclosure of December 18, 1989.

On or about December 30, 1991, the plaintiffs learned for the first time that the defendant had returned to Connecticut. They retained counsel and caused a writ, summons and complaint to be served on the defendant on January 13, 1992.

The defendant filed this motion for summary judgment claiming that the action was time barred under General Statutes § 52-584. The plaintiffs objected, asserting that the defendant was "without" the state of Connecticut for approximately six months and that that period should be excluded from the computation of the two year statute of limitations applicable to a cause of action in negligence. The defendant argues that General Statutes § 52-590[4] is not applicable and that during the period of his absence the plaintiffs could have had him served under the provisions of General Statutes §§ 52-59b and 52-57a.[5]

---

[4] General Statutes § 52-590 provides: "In computing the time limited in the period of limitation prescribed under any provision of chapter 925 or this chapter, the time during which the party, against whom there may be any such cause of action, is without this state shall be excluded from the computation, except that the time so excluded shall not exceed seven years."

[5] General Statutes § 52-59b provides in pertinent part: "(a) . . . a court may exercise personal jurisdiction over any nonresident individual . . . or his . . . executor or administrator, who in person or through an agent . . . (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act . . . .

"(b) Where personal jurisdiction is based solely upon this section, an appearance does not confer personal jurisdiction with respect to causes of action not arising from an act enumerated in this section.

"(c) Any nonresident individual . . . or his . . . executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . or his . . . executor or

The trial court found that "[i]t was not impossible to commence a suit against this defendant; he was here in Connecticut since . . . 1990. . . . In addition the defendant's absence of approximately six months was nothing more than 'temporary' and therefore should not be excluded from the period of the statute of limitations." The trial court held that the plaintiffs had failed to raise any genuine issue as to any material fact; thus, the defendant was entitled to judgment as a matter of law. We disagree and reverse the judgment of the trial court.

The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.,* 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford,* 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980); "the party opposing [summary judgment] must substantiate its adverse claim by showing that

administrator, may be served upon the secretary of the state and shall have the same validity as if served upon the nonresident individual . . . personally. . . ."

General Statutes § 52-57a provides: "A person domiciled in or subject to the jurisdiction of the courts of this state or his executor or administrator, may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction."

there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) *Bassin* v. *Stamford,* 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Trotta* v. *Branford,* supra, 410.

The defendant asserts that § 52-590 is not applicable because during the period of the defendant's absence the plaintiffs could have served him under the provisions of General Statutes §§ 52-59b and 52-57a. Citing *Sage* v. *Hawley,* 16 Conn. 106, 115 (1844), the defendant appropriately posits that the purpose of § 52-590 (and its predecessor General Statutes [1838 Rev.] tit. LX, § 8) is to preserve a right of action during the absence of the defendant when it is impossible to serve him with process. The defendant incorrectly contends that § 52-59b (a) (3) provides for jurisdiction over nonresidents in situations where a tort is allegedly committed in Connecticut. That section provides for jurisdiction over nonresidents in situations where the nonresident "commits a tortious act *outside* the state causing injury to person . . . within the state . . . ." (Emphasis added.) General Statutes § 52-59b (a) (3). Even were we to contemplate § 52-59b (a) (4), which provides for jurisdiction over nonresidents who own, use or possess any real property within the state, the reliance would be misplaced and unsound. "[General Statutes § 52-59b (a) (4)] expressly applies only to nonresidents . . . ." *White-Bowman Plumbing & Heating, Inc.* v. *Biafore,* 182 Conn. 14, 16, 437 A.2d 833 (1980). We do not know the residential status of the defendant, that being among the facts in dispute. The

defendant's reliance on General Statutes § 52-57a is equally flawed. That statute concerns the manner of service outside of the state on a party domiciled in the state. See *Anderson* v. *Schibi*, 33 Conn. Sup. 562, 364 A.2d 853 (1976). The uncontroverted evidence before the trial court in this case is that at no time prior to instituting the action did the plaintiffs know where outside of the state the defendant had moved. Therefore, that argument is without merit.

Finally, the defendant contends that General Statutes § 52-68[6] could have been used by the plaintiffs to provide notice after service under § 52-59b. In view of the inapplicability of § 52-59b, we need not address this contention.[7]

We now consider the plaintiffs' claim that they produced sufficient evidence to present the necessary factual predicate to raise a genuine issue as to the absence of the defendant from the state. Although designating

---

[6] General Statutes § 52-68 provides: "(a) The superior court, and the judges, clerks and assistant clerks thereof, may, except where it is otherwise specially provided by law, make such order as is deemed reasonable, in regard to the notice which shall be given of the institution or pendency of all complaints, writs of error and appeals from probate, which may be brought to or pending in the superior court, when the adverse party, or any persons so interested therein that they ought to be made parties thereto, reside out of the state, or when the names or residences of any such persons in interest are unknown to the party instituting the proceeding.

"(b) Such notice, having been given and proved by the affidavit of the officer who served the notice or by other competent evidence, shall be deemed sufficient service and notice, and the court may proceed to a hearing, unless otherwise provided by law, or may order further notice as it deems reasonable."

[7] We further note that this claim was not raised at trial. Therefore, we need not address it. "If a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim." (Internal quotation marks omitted.) *Solomon* v. *Hall-Brooke Foundation, Inc.*, 30 Conn. App. 129, 134, 619 A.2d 863 (1993); see also Practice Book § 285A.

the period of time "temporary," the trial court found that the defendant absented himself from the state for a period of six months. In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982). Our review of the entire record shows that no factual evidence was presented by which the trial court could determine, as a matter of law, that the defendant was either a resident of or domiciled in this state or that his absence from the state was only temporary. The plaintiffs, on the other hand, have produced sufficient evidence to raise genuine issues of material fact. Therefore, the trial court improperly granted the motion for summary judgment.

The judgment is reversed and the case remanded with direction to deny the motion for summary judgment.

In this opinion the other judges concurred.

