[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This lawsuit arose out of Plaintiff's alleged slip and fall, on December 15, 1988, on some ice and snow on the pavement of the parking lot owned by the defendant, Gerald P. Pierre, M.D. Defendant, S I Construction Company ("S I"), was allegedly responsible for snow removal and sanding of the parking lot where the plaintiff claims she fell. Defendant S I was cited in as a party to the instant lawsuit pursuant to Connecticut General Statutes ("C.G.S.") 52-102 on June 8, 1993. S I now moves for summary judgment on the ground that action is time barred as to it pursuant to the two year statute of limitation of C.G.S. 52-584.
Having considered the record of this case, the Court, for the reasons which follow, denies S I's motion for summary judgment.
FACTS
On December 15, 1988, plaintiff, Marjorie Burnham, was waiting for a bus in a parking lot owned by the defendant, Gerald P. Pierre, M.D. ("Pierre"). Plaintiff attempted to board the bus when she slipped and fell on the accumulation of ice and snow on the pavement of the parking lot, which resulted in injury to plaintiff.
As a result of plaintiff's injuries, on December 4, 1990, plaintiff instituted a negligence action against Dominic Marandino, Burnham v. Marandino, Docket No. CV 91-388109, whom CT Page 1143 plaintiff thought owned the property where she had fallen. During the discovery process, however, plaintiff learned that the subject property was not owned by Marandino, but instead, by Pierre. Consequently, on January 31, 1992, plaintiff voluntarily withdrew the suit against Marandino when she realized that she had erroneously named the wrong defendant.
Thereafter, on February 5, 1992, plaintiff initiated suit against Pierre in Burnham v. Pierre, Docket No. CV92-0507577. That action, however, was dismissed on August 24, 1992, for insufficient service of process.
On December 4, 1992, plaintiff instituted the present negligence action against Pierre, pursuant to C.G.S. 52-593[1]
and 52-592(a).[2] By motion dated January 22, 1993, Pierre moved for summary judgment on the basis that the action, which commenced more than two years after the alleged injury was sustained, was time barred by C.G.S. 52-584,[3] the applicable statute of limitations. Said motion was denied by the Court on February 19, 1993. The Court, Dunn, J., held that C.G.S.52-592 and 52-593 are to be construed liberally and cited Morrissey v. Board of Education of the Borough of Naugatuck,40 Conn. Sup. 266 (1985).
Subsequently, on May 4, 1993, defendant Pierre filed a motion to cite in S I as an additional defendant, which was granted by the Court, Hammer, J., on June 8, 1993. In accordance with the Court's order, Pierre caused to be served a copy of the writ, summons and complaint on S I on June 21, 1993. In the complaint, Pierre alleges a claim for negligence against S I and seeks apportionment of damages. This motion for summary judgment by S I followed.
DISCUSSION
The Connecticut Practice Book (C.P.B.) provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." C.P.B. Section 384. See, Scrachansky v. Plainfield,226 Conn. 446, 450, 627 A.2d 1329 (1993). While the party seeking summary judgment bears the burden of proving the nonexistence of any material fact, the party opposing it must present evidence showing the existence of a material fact in dispute. CT Page 1144 Cortes v. Cotton, 31 Conn. App. 569, 572-573, 626 A.2d 1306
(1993). A material fact is "a fact which will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990) (internal quotation omitted).
In the present case, S I moves for summary judgment on the ground that the negligence claim against it is barred by the two-year statute of limitations set forth in C.G.S. 52-584. However, Section 52-584 does not apply to the instant case. It is undisputed that the present action was initiated by the plaintiff well beyond the two-year negligence statute of limitations, the alleged injury having occurred on December 15, 1988. The statute of limitations set forth in 52-584
would, thus, have run on December 15, 1990. When plaintiff withdrew her lawsuit against Marandino on January 31, 1992, the two-year negligence statute of limitations had long since expired. However, plaintiff's original action against Pierre, filed on February 5, 1992, survived by virtue of 52-593, which extended the time within which to file the new action until January 31, 1993.
Moreover, when the original action against Pierre was dismissed on August 24, 1992 because of insufficient service of process, 52-592(a) extended the time within which plaintiff could re-file her lawsuit until August 24, 1993, which plaintiff did on November 19, 1992. Therefore, since Pierre's motion to cite in S I as an additional defendant was filed on June 8, 1993 and S I was served on June 21, 1993, before the time limitation of August 24, 1993, S I was made an additional defendant in this lawsuit in a timely fashion and it is not entitled to summary judgment.
CONCLUSION
Plaintiff's present action against defendant Pierre has survived beyond the two-year statute of limitations set forth in C.G.S. 52-584 by virtue of the applicable time extensions allowed by 52-592(a) and 52-593. The latter extended the time limits of the present action until August 24, 1993 and52-584 no longer applies to this case. Therefore, 52-584
does not apply to the claims by Pierre against defendant S 
I either. Since S I was made an additional defendant on June 21, 1993, within the applicable time period, the claims against it are not time barred. Accordingly, defendant S 
CT Page 1145 I's motion for summary judgment is hereby denied.[4]
IT IS SO ORDERED.
Dated at Hartford, Connecticut, this 22nd day of February, 1994.
BY THE COURT,
Espinosa, J.