[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT NO. 105
By complaint dated April 27, 1995, the plaintiff, Mary L. Brown, brought an action against the defendant, Brian H. Richardson. The complaint alleges statutory and common law negligence by the defendant.
On May 5, 1995, Mary L. Brown, filed the present motion for summary judgment on the issue of liability alone. In support of its motion, Mary L. Brown has filed a memorandum of law, an affidavit of Mary L. Brown, and the Police Accident Report. In opposition to Mary L. Brown's motion, Brian H. Richardson filed a memorandum of law.
In deciding a motion for Summary Judgment, it should be granted where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384. "Summary Judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact; . . ." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,103, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. at 105. To satisfy [the] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Plouffe v. New York, New Haven, andHartford R.R. Co. et al., 160 Conn. 482, 488, 280 A.2d 359
(1971). A "material fact" is one that makes a difference to the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Cortes v. Cotton,31 Conn. App. 569, 571, 626 A.2d 1306 (1993).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or CT Page 7039 as provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Kakadelis v. DeFabritis,194 Conn. 276, 280-81 (1983) 464 A.2d 57 (1983) quoting Barthav. Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115
(1983). In the case at bar, the Defendant Brian H. Richardson, has only filed a memorandum of law opposing the motion for summary judgment therefore, the court shall decide whether to grant summary judgment relying on the facts asserted in the Plaintiff, Mary L. Brown's affidavit.
A review of the Plaintiff's affidavit and the police report by the court does not exclude any real doubt as to the existence of any genuine issue of material fact. The motion for summary judgment is therefore denied.
LAWRENCE L. HAUSER, JUDGE