[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #128
The plaintiff, Diversified-Collidge Equities, L.P., brings this action to foreclose on a mortgage given by the defendants, Molly and William Sweeney, to Citytrust, to secure their guaranties of a promissory note issued by Economy Enterprises, Inc. (Economy). The action was originally brought by Consolidated Asset Recovery Corporation, an agent of the FDIC. William Sweeney is the chairman of Economy. The plaintiff acquired the note from the FDIC on October 20, 1993.
On January 19, 1993, William Sweeney (defendant) filed an answer and a special defense in which he alleges that Citytrust breached its duty of good faith because it failed to respond promptly to his requests to sell off certain assets that belonged to Economy. At the time that the defendant was attempting to sell the assets, Economy was involved in a Chapter 11 bankruptcy proceeding. The defendant further alleges that the assets had sufficient value to satisfy the debt owed to Citytrust.
On July 25, 1995, the plaintiff filed a motion for summary judgment (#128), supported by a memorandum of law, the affidavit of the vice president of its loan services, the defendant's answers to interrogatories, and other documentary evidence. On August 11, 1995, the defendant filed an objection to the motion for summary judgment, supported by a memorandum of law, the affidavit of William Sweeney, and other documentary evidence.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Cortes v. Cotton, CT Page 1178331 Conn. App. 569, 575, 626 A.2d 1306 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Johnson v.Meehan, 225 Conn. 528, 535, 626 A.2d 244 (1993). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue."Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,673 A.2d 699 (1990).
In support of its motion, the plaintiff argues that the defendant waived the claims set forth in his special defense when he signed the guaranty agreement. The plaintiff argues that under the terms of the guaranty agreement, the defendant agreed that the plaintiff's predecessor, Citytrust, had no duty to collect or to protect any collateral, or preserve any rights against other parties, and could immediately proceed against Economy without resorting to any collateral, guaranty or other source of payment. Thus, the plaintiff argues that the defendant, by signing the guaranty, waived any claims that he might have concerning impairment of collateral.
In response, the defendant argues that he does not allege in his special defense that Citytrust had an obligation to a conduct a sale of Economy's assets. Rather, the defendant argues that his special defense concerns Citytrust's delay in approving the defendant's attempts to sell Economy's assets, and that this delay caused the assets in question to decline in value.
Upon review of the file, the court notes that the plaintiff has failed to submit a copy of the guaranty agreement as evidence in support of its motion. (The plaintiff did not attach the guaranty as "exhibit 9" to its supporting memorandum.) Thus, the plaintiff has failed to meet its burden of proof with respect to its motion for summary judgment.
The plaintiff argues that the defendant's special defense is insufficient because it contradicts the express terms of the guaranty agreement, and because the principle of good faith and fair dealing cannot be applied to achieve a result contrary to the express terms of the agreement. As previously stated, the argument must fail in light of the plaintiff's failure to submit a copy of the agreement in support of its motion.
The plaintiff's next argument in support of its motion for CT Page 11784 summary judgment is that the defendant's special defense is barred by the D'Ouench Duhme doctrine. The doctrine prevents a defendant from asserting against the FDIC and its assignees any defenses: (1) that are not in writing; (2) that are not executed contemporaneously with acquisition of the asset; (3) that were not approved in the minutes of the board of directors of the depositary institution; and (4) that are not an official record of the depositary institution. See 12 U.S.C. § 1823(e).
The special defense at issue in the present case is not based on an unrecorded oral agreement. Rather, it is based on allegations that Citytrust breached the implied covenant of good faith and fair dealing by repeatedly ignoring the defendant's request for authority to sell Economy's assets. Thus, the D'Ouench Duhme doctrine is not implicated in the present case.
The plaintiff's final argument in support of its motion for summary judgment is that its predecessor, Citytrust, did not unduly delay in disposing Economy's assets. The plaintiff contends that even if Citytrust acted on the date that the defendant first found a buyer for Economy's assets, it would have taken months for the actual sale to occur. The plaintiff further argues that the defendant, acting as Chairman of Economy, should have filed a liquidating plan under 11 U.S.C. § 1123(5)(b) in order to facilitate the sale. In response, the defendant argues that the plaintiff cannot meet its burden of proof and that the issue of good faith is not properly decided on a motion for summary judgment.
In the present case, both parties are disputing the facts and circumstances surrounding the bankruptcy and liquidation of the defendant's company (Economy). The documentary evidence before the court is insufficient for purposes of determining the factual issues raised by the parties. Therefore, the court denies the plaintiff's motion for summary judgment on the ground that there are genuine issues of material fact with respect to whether the plaintiff's predecessor, Citytrust, acted in bad faith.
TOBIN, J.