[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion for summary judgment asserting that it is entitled to summary judgment because the facts indisputably show that it has fulfilled its contractual obligations to the plaintiff under the plaintiff's homeowner's policy. The plaintiff claims that a factual issue exists as to whether the damaged property is subject to the special limits of liability contained in the homeowner's policy and that this factual issue precludes the entry of summary judgment. After CT Page 1645 reviewing the memorandum and documentary evidence submitted by the parties, the court agrees with the plaintiff.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton, 31 Conn. App. 569, 575
(1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528, 535
(1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.)Warner v. Lancia, 46 Conn. App. 150, 158 (1997).
It is undisputed that, on August 1, 1996, there was a fire at Play by Play, a business operating batting cages and selling sports cards and sports memorabilia to the public. Play by Play was apparently a corporation in which the plaintiff and her husband, Bobby Lee Chaffin, were officers. The plaintiff filed a proof of loss claim for $10,184.25 under her homeowner's policy with the defendant seeking coverage for eight vintage sports cards, sixty-nine comic books, forty-two modern era sports cars and two lithographs. It is uncontested that these items were on the premises of Play by Play at the time of the fire and that the items sustained smoke and water damage.
The defendant sent the plaintiff a check for $250 as payment for her loss because it claimed that the homeowner's policy limits the defendant's liability to said amount for personal property away from the "residence premises" used "at any time and in any manner for a business purpose." The plaintiff filed this action asserting that the defendant has failed to pay for the loss sustained by the plaintiff as called for under the terms and conditions of the insurance policy.
The homeowner's insurance policy issued by the defendant to the plaintiff contains a provision that limits the loss to $250 "on property, away from the `residence premises,' used at any time or CT Page 1646 in any manner for any `business' purpose." "Business" is defined by the policy as follows: "`Business' includes trade, profession or occupation." There is no dispute in this case that the damaged property was away from the "residence premises." The dispute is over the issue of whether the property was used at any time or in any manner for any business purpose. And that dispute is essentially a factual one.
In Pacific Indemy. Ins. Co. v. Aetna Casualty Surety Co.,240 Conn. 26 (1997), the Connecticut Supreme Court determined the meaning of the term business pursuit for purposes of an exclusionary clause in a homeowner's insurance policy. The court held that the term "contemplates a continuous or regular activity engaged in by the insured for the purpose of earning a profit or a livelihood." Id., 33. The court further stated that "The determination of whether a particular activity constitutes a business pursuit is to be made by a flexible fact-specific inquiry." Id.
The defendant claims that the items at issue were used by the plaintiff and her husband in an activity engaged in for profit and therefore were used for a business purpose. The defendant points to passages in the deposition of the plaintiff's husband and in his recorded statement that two of the vintage cards were displayed in the front display case of the business and the two lithographs were displayed on its walls. The defendant also emphasizes the statement of the plaintiff's husband that the two vintage cards were "for sale" at the shop and other evidence it claims supports its view that the items were traded for profit by the plaintiff and her husband.
The plaintiff asserts that the items were part of the plaintiff's personal collection that was traded as a hobby, for pleasure. The plaintiff offers sworn testimony of the plaintiff's husband to that effect. The plaintiff also highlights statements by the plaintiff's husband that the items were kept at Play by Play for security reasons and not sold from the premises or displayed for sale.
This court can not say based on the proof submitted by the parties that there is no genuine issue as to any material fact. Practice Book § 17-49. Accordingly, the defendant's motion for summary judgment is hereby denied.
BY THE COURT CT Page 1647
Judge Jon M. Alander