[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action, the Nationwide Mutual Insurance Company and the Nationwide Property Casualty Insurance Company (hereafter "Nationwide"), ask for a declaratory judgment that they have no duty to defend or indemnify the defendants Kevin B. Bartlett and Bartlett Construction and Development Corporation (hereafter "Bartlett") concerning a claim of copyright infringement allegedly committed by Bartlett in a separate pending civil action. In that action, Codespoti Associates, P.C. et al. v. Kevin B. Bartlett. et al., (the "Codespoti action") filed in the United States District Court for the District of Connecticut, Codespoti Associates, P.C. and Grew Codespoti Design, P. C. allege that the defendants in this action, Kevin B. Bartlett and Bartlett Construction and Development Corporation, intentionally copied and used without authorization its copyrighted site and architectural plans for a senior housing project constructed in Orange, Connecticut. During the relevant time period, Bartlett was the recipient of two insurance policies with Nationwide. Nationwide asserts that it has no duty to defend or indemnify Bartlett for the injuries complained of in the Codespoti action.
Nationwide has moved for summary judgment claiming that there is no dispute of material fact precluding summary judgment in its favor. CT Page 6285 Specifically, Nationwide asserts that the claims against Bartlett in the Codespoti action do not involve either an "advertising injury" or "personal injury" for which coverage is provided under the insurance policies. Bartlett avers that the claims brought against it in the Codespoti action include a claim for defamation which is covered by the insurance policies. In addition, Codespoti and Associates, P.C. and Grew and Codespoti Design, P.C., (hereafter "Codespoti"), the plaintiffs in the Codespoti action and defendants in this action, oppose Nationwide's motion for summary judgment on the grounds that their complaint in the Codespoti action alleges advertising injury as defined in Nationwide's insurance policies. For the foregoing reasons, the court agrees with Nationwide that summary judgment should enter because the claims asserted against Bartlett in the Codespoti action do not allege either "advertising injury" or "personal injury" covered by Bartlett's insurance policies with Nationwide.[1]
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Scrapchansky v. Plainfield,226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton,31 Conn. App. 569, 575 (1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528,535 (1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578
(1990)." (Internal quotation marks omitted.) Warner v. Lancia,46 Conn. App. 150, 158 (1997).
Nationwide seeks a declaratory judgment that it does not have a duty to defend Bartlett in the Codespoti action. Whether Nationwide has a duty to defend under the policy depends on whether, in light of the policy language, the complaint in the Codespoti action alleges conduct for which coverage was provided. Imperial Casualty and Indenmity Companyv. State, 246 Conn. 313, 323 (1998). See also Missionaries of the Co. ofMary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110 (1967). "An insurer's duty to defend is determined by reference to the allegations contained in the injured party's complaint. The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage. Because the duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail CT Page 6286 against the insured; if an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Internal quotation marks and citations omitted.) ImperialCasualty and Indemnity Company v. State, supra, 246 Conn. 323-324.
A comparison of the factual allegations of the injured party's complaint with the coverage provided by the insurance policy reveals the following. The complaint in the Codespoti action alleges that, from October 16, 1995 through March 1, 1996, Codespoti, a licensed engineering and architectural firm, prepared site and architectural plans for a builder, TM Building Company, Inc. for a senior housing project proposed in Orange, Connecticut, known as Silverbrook Senior Housing Phase II (hereafter "Silverbrook"). The contract between Codespoti and TM Building Company, Inc. provided that Codespoti would retain ownership of the plans subject to an exclusive license in favor of TM Building Company, Inc. to use in constructing the project should it be awarded the construction contract.
Bartlett also submitted a plan with the town of Orange for the Silverbrook construction contract. On August 2, 1996, Codespoti gave Bartlett a copy of its site and architectural plans for Silverbrook to review and offered to enter into an agreement with Bartlett allowing Bartlett to use its plans. On September 20, 1996, Codespoti asked Bartlett to return its plans and advised Bartlett that it could not use the plans or any derivative of them. Bartlett used Codespoti's plans as a basis for redrawn architectural plans that they submitted to the town of Orange. Bartlett admitted to Codespoti that it used Codespoti's architectural plans.
The first count of the complaint alleges that Bartlett violated17 U.S.C. § 106 and 501(a) by intentionally and willfully using, copying, and altering Codespoti's copyrighted architectural plans without its consent. The complaint's second count repeats the allegations of the first count and adds that Bartlett continues to use Codespoti's architectural plans without its consent and to represent to the public that Bartlett is the author of the plans. The second count also claims that changes to the architectural plans were made by persons without sufficient training to ensure the safety of the structures.
During this period of time, there were two separate insurance policies between Bartlett and Nationwide: a blanket protector policy and an umbrella policy. Both policies provided that Nationwide would pay those sums that Bartlett became legally obligated to pay as damages because of "personal injury" or "advertising injury." Nationwide also had the duty to defend Bartlett against any suit seeking such damages. Under both policies, "personal injury" is defined to include the publication of CT Page 6287 material that libels or slanders or otherwise defames another. "Advertising injury" is defined to include "infringement of copyright, title, or slogan." In addition, the policies provide that coverage applies to "`advertising injury' caused by an offense committed in the course of advertising [the insured's] goods, products or services."[2]
Nationwide asserts that the claims presented in the Codespoti action do not assert damages for "personal injury" as outlined in its insurance policies with Bartlett. Bartlett argues that the second count of the Codespoti complaint asserts a claim for defamation, an injury encompassed within the policies' definition of "personal injury." In response, Nationwide asserts that the second count, rather than stating a claim for damages for defamation, sets forth a claim for injunctive relief to enjoin the alleged infringement of Codespoti's copyright. An examination of the second count of the complaint in the Codespoti action indicates that, contrary to the assertions of Bartlett, it cannot fairly be read as asserting a claim for defamation.
"To prevail on a common-law defamation claim, a plaintiff must prove that the defendant published false statements about her that caused pecuniary harm." Daley v. Aetna Life Casualty Co., 249 Conn. 766, 795
(1999). Liability for defamation requires a false and defamatory statement concerning another. 2 Restatement (Second), Torts, § 558. "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id., § 559.
The second count of the complaint in the Codespoti action contains no allegation that Bartlett made any defamatory statement concerning Codespoti. It alludes to no disparaging utterances of any kind. The second count states that Bartlett is misrepresenting itself as the author of the architectural plans and that it is continuing to use and alter those plans without Codespoti's authorization. Codespoti also expresses a fear that the structural safety of the buildings will be compromised if the plans as revised by Bartlett are used in construction. As a result, Codespoti asks that Bartlett be enjoined from using the plans. The second count appears to be a claim for injunctive relief. It is not a claim for defamation.[3]
Nationwide further asserts that the complaint in the Codespoti action fails to allege any advertising injury covered by its insurance policies with Bartlett. Codespoti contends that an advertising injury is claimed in the Codespoti action because the complaint alleges an infringement of a copyright. Codespoti further asserts that Bartlett utilized advertising in connection with the promotion of Silverbrook, thereby bringing its claim under the policies' definition of advertising injury. CT Page 6288
The claim made by Codespoti in this case is, for all practical purposes, identical to the claim rejected by the Appellate Court inJulian v. Liberty Mutual Insurance Co., 43 Conn. App. 281 (1996). InJulian, the plaintiffs sought damages from the defendant insurer claiming that the defendant had wrongfully refused to defend a patent infringement suit that had been brought against the plaintiffs concerning their manufacture and sale of a decoiler. The plaintiffs inJulian claimed that the defendant insurer was obligated to defend and indemnify them in the patent suit because that litigation involved a claimed advertising injury covered by their insurance policy with the defendant insurer due to the extensive advertising of the decoiler.
Citing contract language identical to that at issue in this case, the Appellate Court in Julian determined that more than the mere advertising of the product was necessary to trigger coverage "The insuring agreement provides coverage for "advertising injury caused by an offense committed in the course of advertising your goods, products or services'. The provision defining the term advertising injury restricts its meaning to "injury arising out of one or more of the following offenses, ' among which is listed "infringement of copyright, title or slogan.' Thus, the policy imposes two requirements for coverage of an advertising injury, even when a specified offense, such as infringement of title, is involved. First, that injury must have been one arising out of the offense in order to qualify under the definition of advertising injury. Second, it must have been "caused by an offense committed in the course of advertising [the insured's] goods.'" Id., 289-290. In light of these contract provisions, the Appellate Court held that "a covered advertising injury would have to be causally related to an offense, such as infringement of title, that is itself causally related to the insured's advertising activities." Id., 290.
In this case, the complaint in the Codespoti action cannot reasonably be read to allege a causal connection between the claim of copyright infringement and any advertising by Bartlett. Codespoti in its complaint does not assert that its copyright to its architectural plans was infringed as a result of Bartlett's advertising of Silverbrook to the public. The claimed copyright infringement in Codespoti's complaint was the using and the altering of the architectural plans in connection with their submission to the town of Orange, not the advertising of the housing units of the completed project. The absence in the complaint in the Codespoti action of any casual relationship between Bartlett's advertising activities and the alleged copyright infringement precludes Bartlett's claim of an advertising injury as defined in its policies with Nationwide. CT Page 6289
Codespoti also argues that the allegations in its complaint that Bartlett submitted the copyrighted architectural plans to the town of Orange and represented to the public that those plans were its own are sufficient to assert a claim of advertising injury under the Nationwide insurance policies.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. The policy words must be accorded their natural and ordinary meaning." (Citations and internal quotation marks omitted.) Stephan v. Pennsylvania General Ins. Co., 224 Conn. 758, 763
(1993). Codespoti is equating any public statement concerning the architectural plans with advertising. It points to no language in the insurance policies that supports this view. Nor does its position comport with the definition that it offers to the court of advertising as "the action of drawing the public's attention to something to promote its sale." Black's Law Dictionary (7th ED. 1999). It cannot reasonably be argued that the alleged actions by Bartlett of submitting the architectural plans to the town and publicly representing the plans to be its own constitute "`advertising injury' caused by an offense committed in the course of advertising [the insured's] goods, products or services" as provided in the insurance policies.
In light of the above, Nationwide has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, the plaintiffs' motion for summary judgment is hereby granted.
BY THE COURT
Judge Jon M. Alander