[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented by the instant motion for summary judgment concerns whether the defendant Town of Guilford is entitled to governmental immunity for its alleged failure to enforce special conditions and fire safety and building code requirements in connection with the interior renovation of a building.
The plaintiff initiated the subject action against the defendant seeking damages for the loss of business income and relocation expenses arising out of the renovation of the premises which previously served as its place of business. The plaintiff claims that it lost business and was forced to move due to the defendant's failure to enforce special conditions that it had placed on the rehabilitation of the building by its owner and by the defendant's failure to enforce the requirements of the fire safety code and the building code. The defendant has moved for summary judgment claiming that it is immune from Liability for any failure to enforce building or fire safety special conditions or regulations. For the foregoing reasons, the court agrees with the defendant.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law Scrapchanskyv. Plainfield, 226 Conn. 446, 450 (1993). In ruling on a motion for CT Page 10790 summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist.Cortes v. Cotton, 31 Conn. App. 569, 575 (1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Johnson v. Meehan,225 Conn. 528, 535 (1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990)." (Internal quotation marks omitted.) Warner v. Lancia,46 Conn. App. 150, 158 (1997).
The plaintiff is a karate school formerly located in the basement of the premises at 102 Broad Street in Guilford. In December of 1996, the defendant issued a building permit to Broad Street Investors, L.L.C. for interior renovations to the first floor of the premises located at 102 Broad Street and occupied by Trailblazers, Inc. The plaintiff alleges in its complaint that the town building official placed a special condition on the permit requiring emergency lighting and exit identification and that the town fire marshall placed a special condition mandating a second means of egress from the basement. The plaintiff also asserts that the state building code and the fire safety code require two or more exits from the basement premises. The plaintiff claims that during construction the second exit from the basement was blocked and all signs identifying the exit were removed. The plaintiff asserts that, despite numerous calls and complaints from the plaintiff, the defendant failed and neglected to enforce the special conditions and the provisions of the building and fire safety codes and that, as a result, it lost business income and was ultimately forced to relocate from 102 Broad Street.
A municipality enjoys governmental immunity for a breach of a discretionary duty, but not for a breach of a ministerial duty.[1]Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-168 (1988). See also General Statutes § 52-557n. "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr.,P.C., 252 Conn. 623, 628 (2000). Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder, it can be made by the court where there is no genuine issue of material fact in dispute, Elliot v. City ofWaterbury, 245 Conn. 385 (1998), or where the nature of the duty is apparent from the complaint, Lombard v. Edward J. Peters, Jr., P.C., supra, 252 Conn. 628. CT Page 10791
In its complaint, the plaintiff asserts that for approximately seven months, from November 1996 through June 1997, the defendant failed to enforce the special permit conditions and the requirements of the building code and the fire safety code necessitating exit signs and two exits at the plaintiffs leased premises despite numerous complaints by the plaintiff. The defendant contends that any failure to act on its part involved discretionary duties for which it has immunity. The plaintiff counters that the defendant's duties were ministerial because town officials lacked the discretion to refuse to enforce the special conditions or the requirements of the building or fire safety code.
While the plaintiff may be correct that the defendant was obligated to enforce the regulatory provisions at issue here, it does not follow that the defendant was prohibited from exercising any judgment related to enforcement. Enforcement involves not only the issue of whether to enforce proscriptions but also how and when to do so. A claim that a municipality failed to enforce regulatory codes such as the building code and the fire safety code implicates duties that are discretionary. SeeEvon v. Andrews, 211 Conn. 501, 506-507 (1989). No matter how objective a regulatory standard may be, "an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore required involves the exercise of his or her judgment." Id., 506.
The plaintiff also asserts, without any supporting analysis, that one of the three recognized exceptions to the rule of municipal immunity for discretionary acts applies here.[2] The plaintiff claims town officials should have known that their failure to act would likely subject an identifiable person to imminent harm. See Shore v. Stonington,187 Conn. 147 (1982). The harm that would result from the failure to have two exits and appropriate exit signs would be injury to persons on the premises caused by a fire. This precise risk was addressed by the Connecticut Supreme Court in Evon, supra. The court concluded that "the risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of "identifiable persons' within the meaning of Shore v. Stonington, supra." Id., 508. The court further concluded that the persons involved were not subject to "imminent harm." The court's conclusions in Evon apply equally here.
Finally, although the issue was not raised in the plaintiffs brief or in oral argument to the court, the plaintiffs amended complaint cites General Statutes § 52-557n(b)(8) for the proposition that a municipality is not immune front liability for failure to make an inspection, or making an inadequate or negligent inspection of property if the failure to do so constitutes a reckless disregard for health and CT Page 10792 safety under all the relevant circumstances.[3] The plaintiffs amended complaint however does not allege that the defendant failed to make an inspection or made such an inadequate or negligent inspection so as to constitute a reckless disregard for health and safety under all the relevant circumstances. Moreover, in order to establish that the defendant's acts or omissions were reckless, the plaintiff must prove, on the part of the defendant, conduct that assumes "the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Elliot v. Cityof Waterbury, 245 Conn. 385, 415 (1998). In its amended complaint, the plaintiff merely alleges that, after numerous calls and complaints by it, the defendant failed to enforce for a period of seven months the requirements of exit signs and a second means of egress from the basement. These evidentiary claims, even if proven, fail to constitute omissions that comprise the necessary aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.
In light of the above, the defendant has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is hereby granted.
BY THE COURT
Judge Jon M. Alander