[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#118)
CT Page 12012
On January 5, 2001, this court issued its decision, denying the defendant's motion for summary judgment on count one of a two count complaint. This court now issues its decision on the defendant's motion for summary judgment on count two of the complaint in negligence.
The defendant moves for summary judgment on count two of the complaint on the ground that the plaintiff's action in negligence is time barred by General Statutes § 52-577 which states: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The parties do not dispute that the act or omission that underlies this action is the defendant's drafting of the deed, which occurred on January 30, 1989.
The plaintiff argues that the statute of limitations, General Statutes § 52-577, does not begin to run until the plaintiff discovers or reasonably should have discovered the essential elements of his cause of action, which, he alleges, occurred in November, 1993.[1] "Section 52-577
is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. . . ." (Citation omitted.) Collum v.Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996) "The three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. . . ." Id.
The plaintiff also claims that the period from the time from the alleged tortious act to the commencement of the action was tolled by General Statutes § 52-590.[2] The purpose of § 52-590 "is to preserve a right of action during the absence of the defendant when it is impossible to serve him with process." Cortes v. Cotton, 31 Conn. App. 569,573, 626 A.2d 1306 (1993). Consequently, if the plaintiff was unable to serve the defendant under one of Connecticut's long arm statutes, the statute of limitations will toll from the time the defendant left the state in May of 1989 until she accepted service of process of the complaint.[3]
The plaintiff claims that he could not serve the defendant under any of Connecticut's long arm statutes and, consequently, the statute of limitations must be tolled. The plaintiff argues that no long arm statute applys citing Cortes v. Cotton, supra, 31 Conn. App. 573, for the proposition that § 52-59b applies only to those who were nonresidents at the time of the tortious act. In that case, however; the court analyzed the applicability of § 52-59b (a)(3) which provides for CT Page 12013 jurisdiction over nonresidents who commit a tortious act outside the state. Id.
In Venables v. Bell, the court held that the plaintiff could not rely on § 52-590 to toll the statute of limitations in an action against a defendant who allegedly committed a tortious act while a college student in Connecticut. Venables v. Bell, 941 F. Sup. 26, 27 (D.Conn. 1996). The court said "[General Statutes] § 52-59b (a) authorizes courts to exercise personal jurisdiction over nonresident individuals who commit tortious acts within the state." Id. "If plaintiff did not know the defendant's whereabouts after 1984, he could have obtained personal jurisdiction over him in Connecticut by serving the secretary of state and mailing a copy of the process to the defendant's last known address." (Internal quotation marks omitted.) Id.
The purpose of § 52-59b is to provide a means to exercise personal jurisdiction over defendants who are not within the state at the commencement of suit and does not distinguish between defendants who were residents or nonresidents at the time of the alleged tortious act. In the present case, the plaintiff had a means to serve the defendant, thus, the statute of limitations was not tolled pursuant to General Statutes §52-590.
Finally, the plaintiff argues that the statute of limitations was tolled by the defendant's continuing course of conduct. "[W]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Fichera v.Mine Hill Corporation, 207 Conn. 204, 208, 541 A.2d 472 (1988). "[T]he [continuing course of conduct] doctrine is generally applicable under circumstances where `it may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury' or where the negligence consists of a series of acts or omissions and it is `appropriate to allow the course of action to terminate before allowing the repose section of the statute of limitations to run.'" (Brackets omitted.) Sanborn v. Greenwald, 39 Conn. App. 289, 296-97, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995)
The plaintiff argues that a continuing course of conduct was established when the plaintiff learned of a potential problem with the land transfer in November, 1993, and returned to the defendant's law firm where Attorney Altschuler attempted to fix the mistake. The plaintiff cites Fichera v. Mine Hill Corporation, supra, 207 Conn. 210, for the proposition that the continuing course of conduct rule is applicable where there is evidence of "either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of the defendant related to the prior act." The plaintiff argues the CT Page 12014 relationship between an attorney and his client is highly fiduciary in nature and thus constitutes a special relationship which would toll the statute of limitations. The plaintiff, however, fails to establish any allegations or evidence that the defendant's duty to the plaintiff was ongoing and extended beyond the closing date on January 30, 1989. The complaint is devoid of any allegations of such an ongoing relationship and even fails to mention the plaintiff's subsequent interaction with the defendant's former law firm which occurred long after the three year statute of limitations period ended in November, 1993. Furthermore, previous courts have found that the relationship between an attorney and client is not of such a unique nature that it would cause the statute of limitations to toll automatically. Sanborn v. Greenwald, supra,39 Conn. App. 295; S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King. P.C., 32 Conn. App. 786, 791-93, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993)
Therefore, the defendant's motion for summary judgment is granted as to count two on the ground that there is no genuine issue of material face in dispute and the defendant is entitled to judgment as a matter of law because the plaintiff's action is barred by General Statutes § 52-577, the general tort statute of limitations.
The Court
Nadeau, J.