[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves for summary judgment on the first count of this three count complaint. For purposes of this motion the plaintiff alleges in part that the defendants failed to comply with the terms of a bond for deed. In addition to seeking judgment on the first count, the plaintiff requests an order that the proposed sale is void, an order transferring any interest the defendants have in the property to the plaintiff, and an order allowing the plaintiff to retain all monies paid pursuant to the contract of sale.
In support of the motion, the plaintiff relies upon the defendants' responses to requests to admit where the defendants admit the allegations of the first count of the complaint. The plaintiff also attached his affidavit in support of the motion. Since plaintiff moved for summary judgment, the defendants filed an answer, special defenses and a counterclaim. The special defenses allege 1) fraudulent concealment and 2) waiver of payments by the plaintiff. The counterclaim alleges tortious interference by the plaintiff in a contact involving the property that is the subject of the complaint. The defendants also filed memorandum in opposition to this motion with affidavits. At the time the motion was argued, the plaintiff filed an addendum to his memorandum supporting his motion along with an additional affidavit addressing the allegations of the defendants' counterclaim.
The plaintiff argues that because the defendants admit the allegations of count one of the complaint he is entitled to summary judgment on that count. That argument overlooks the effect of a special defense. Practice Book § 10-50 ("facts which are consistent with [the plaintiff's CT Page 13769 statement of facts] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged"); see also Fleet Bank. N.A.v. Galluzzo, 33 Conn. App. 662, 664, cert denied, 229 Conn. 910 (1994). The defendants have provided affidavits on the issues raised in the defendants' pleadings.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving parry is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
Because here the defendants have substantiated its their claim that summary judgment is inappropriate by showing the existence of disputed issues in affidavits, the court denies the motion for summary judgment but does not decide any disputed issues.
DiPentima, J. CT Page 13770